UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Docket No. 2:19-cr-00123-DBH |
| ) | |
| DAMON FAGAN ) | |
| ) | |

# RENEWED MOTION FOR EXPEDITED AND COMBINED PLEA AND SENTENCING HEARING

# VIA TELEPHONE OR VIDEO CONFERENCING

Pursuant to Section 15002 of the CARES Act and this Court's General Order 2020-4, Defendant Damon Fagan renews his motion to schedule his Rule 11 guilty plea at the Court's earliest via telephone or video conferencing with his sentencing hearing to immediately follow.

This Court's General Order 2020-4 provides that

> [p]ursuant to Section 15002(b)(2)(A) of the CARES Act, the Court authorizes on its own motion the use of video teleconferencing, or telephone conferencing if video teleconferencing is not reasonably available, for felony changes of plea under Rule 11 of the Federal Rules of Criminal Procedure and felony sentencings under Rule 32 of the Federal Rules of Criminal Procedure, if the following circumstances are present:
>
> 1. The presiding Judge in the particular case finds for specific reasons that the change of plea or sentencing in that case cannot be further delayed without serious harm to the interests of justice; and
>
> 2. Under Section 15002(b)(4) of the CARES Act, the defendant consents to proceeding by video teleconference or telephone conference after consultation with counsel.

General Order 2020-4 (Levy, C.J.).

## **Procedural History Relevant to this Motion**

A. On February 11, 2020, the Court denied Mr. Fagan's Motion to Suppress. (ECF No. 75)

B. Mr. Fagan's conditional plea hearing was originally scheduled for March 30, 2020. (ECF No 81)

C. On March 18, 2020, as a result of the COVID-19 Crisis, the Court rescheduled Mr. Fagan's plea hearing to May 27, 2020. (ECF No. 83)

D. On March 25, 2020, Mr. Fagan filed his first Motion for Expedited Plea Hearing Without his Physical Presence. (ECF No. 84)

E. At the request of the Court, Mr. Fagan followed up his Motion for Expedited Plea Hearing with a letter to the Court citing General Order 2020-4 and the CARES Act and requesting that Mr. Fagan's sentencing hearing also be expedited. (ECF No. 85)

F. In ECF Nos. 84 and 85, Mr. Fagan argued that further delay of his plea and sentencing would cause serious harm to the interests of justice because such delays would unduly prejudice Mr. Fagan's ability to appeal the denial of his suppression motion. This will be discussed further below.

G. On April 16, 2020, the Court granted Mr. Fagan's request for a pre-plea Presentence Investigation. (ECF No. 93).

H. The PSI Report has been completed. It calculates Mr. Fagan's Guideline Range at 30-37 months.[1]

I. On May 1, 2020, the Court canceled Mr. Fagan's May 27, 2020 plea hearing. Notably, the Court did not set a new date for Mr. Fagan's plea but, rather, stated that the change of plea hearing "will be rescheduled when the Court resumes in-court appearances." The Court further stated that "if counsel wish to proceed via video appearance under the CARES Act, a motion will need to be filed. The motion must include specific reasons that the plea or sentencing...cannot be further delayed without serious harm to the interests of justice in keeping with Section 15002(b)(2)(A) of the CARES Act." (ECF No. 95).

## Argument

1. **MR. FAGAN'S PLEA AND SENTENCING HEARINGS CANNOT BE FURTHER DELAYED WITHOUT SERIOUS HARM TO THE INTERESTS OF JUSTICE BECAUSE MR. FAGAN'S ABILITY TO APPEAL THE DENIAL OF HIS MOTION TO SUPPRESS IS CURRENTLY DELAYED INDEFINITELY**

After the denial of his motion to suppress, Mr. Fagan purposefully chose to forego trial and enter a conditional guilty plea as quickly as possible so that he could then be sentenced and appeal the denial of his suppression motion to the First Circuit Court of Appeals, also as quickly as possible. Mr. Fagan's plea was first rescheduled and later

---

[1] On May 21, 2020, the United States Probation Office indicated that a revised presentence report will be forthcoming with additional criminal history that would change Mr. Fagan's Criminal History to Category VI and his guideline range to 33-41 months. Reserving his right to object to the new data, Mr. Fagan respectfully suggests that, due to relatively little difference between the current and possible future guideline calculations, the Court is able to consider this motion before that issue is resolved.

postponed to a yet-to-be determined date in the future. Mr. Fagan believes that the Court has not scheduled a new plea hearing due to the yet unknown and evolving circumstances associated with the COVID-19 crisis.

Because the Court appears unable to predict when it will be able to resume in-person plea and sentencing hearings, it is possible that Mr. Fagan could serve his entire sentence without the ability to appeal the denial of his motion to suppress. As a result, Mr. Fagan's right of appeal will be unduly prejudiced and thus violated if his plea and sentencing continue to be delayed indefinitely.

Mr. Fagan recognizes that it is not uncommon for a plea or sentencing hearing to be delayed for a variety of practical reasons that typically benefit the defendant. But delaying Mr. Fagan's plea and sentencing does not benefit him at all. On the contrary, it only serves to prejudice his right of appeal.

Additionally, if the Court was able to provide a date certain within the month of June or even July that Mr. Fagan could enter his plea, Mr. Fagan concedes that such a delay would not likely provide cause for the Court to grant this motion. But here, Mr. Fagan's plea and sentencing are delayed indefinitely and, presently, there is no reason to believe that the circumstances causing the delay will change any time soon. In fact, it is quite possible that a second wave of COVID-19 could push Mr. Fagan's plea and sentencing hearings out even further. *See e.g.*, Donald G. McNeil Jr., *As States Rush to Reopen, Scientists Fear a Coronavirus Comeback*, New York Times (Updated May 14,

2020) https://www.nytimes.com/2020/05/11/health/coronavirus-second-wave-infections.html (last visited May 20, 2020).

In short, where there is no way to predict when Mr. Fagan will be able to enter the Courthouse for his plea and sentencing, it will cause serious harm to the interests of justice to force him to wait indefinitely to enter his plea and be sentenced, particularly where this Court is already using video conferences in other cases.

Additionally, as indicated above, the pre-plea PSI indicates a sentencing guideline range of 30-37 months[2] based on Mr. Fagan's adjusted offense level and his criminal history.  Mr. Fagan believes that there are grounds for a downward variant sentence for several reasons.  For instance, Mr. Fagan came from a broken home, and he did not have a good relationship with his father or stepfather; he has a long history of substance abuse; and he has recently learned that he is the father of an infant child who is in foster care and whom he hopes to gain custody of in the future. Based on these factors and other arguments that Mr. Fagan is still developing, Mr. Fagan believes that if he is not sentenced immediately, it is well within the realm of possibility that Mr. Fagan might be seeking a time-served sentence before he ever has the ability to file his appeal.

Finally, once he is sentenced, Mr. Fagan intends to argue for post-conviction bail while his appeal is pending.  Mr. Fagan is not arguing for bail at this time as he intends to wait to do so until there is a final judgment from which he will appeal.  Although a bail

---

[2] *But see* n. 1, indicating that Mr. Fagan's guideline range may ultimately be 33-41 months.

motion is not pending now, Mr. Fagan makes the Court aware of his intent to move for bail after sentencing at this time in the hope that as it considers this motion, the Court will also consider that the Strafford County Jail in Dover, New Hampshire, currently has two positive cases of COVID-19.  *See* Mark Hayward, *Second ICE detainee tests positive for COVID-19 at Strafford County jail*, New Hampshire Union Leader (Updated May 20, 2020).  "Five inmates who had either direct or indirect contact with [one of the infected inmates] have been tested and are awaiting the results, according to Jail Superintendent Chris Brackett." *Id.*  This is important for the Court to know because the sooner Mr. Fagan can be sentenced, the sooner he can move for post-conviction bail pending appeal based on a release plan that will ensure the safety of the community while not forcing Mr. Fagan to remain housed at the Strafford County, where COVID-19 is now present and possibly spreading, while he awaits transfer to another BOP facility.

In sum, for the foregoing reasons, delaying Mr. Fagan's appeal of the denial of his motion to suppress will cause serious harm to the interests of justice, while allowing him to plead and be sentenced via video or telephone conferencing will not place an undue burden on the Court or the government.

### 2. MR. FAGAN CONSENTS TO PROCEEDING BY VIDEO TELECONFERENCE OR TELEPHONE CONFERENCE

As required by Section 15002 and General Order 2020-4, Mr. Fagan has consulted with his counsel, and he consents to proceeding with his plea and sentencing via teleconference or telephone conference.

The Government has informed counsel that if the Court finds under these circumstances that further delay would seriously harm the interests of justice, the government would have no objection to the Court granting this motion.

DATED:  May 21, 2020	/s/ Jonathan M. Goodman____
	Jonathan M. Goodman
	Attorney for Defendant Damon Fagan


Troubh Heisler, PA
511 Congress Street, Suite 700
P.O. Box 9711
Portland, Maine 04104-5011
Tel: (207) 780-6789
Fax: (207) 774-2339
e-mail: jgoodman@troubhheisler.com


CERTIFICATE OF SERVICE


I hereby certify that on May 21, 2020, I electronically filed Renewed Defendant's Motion for Expedited and Combined Plea and Sentencing Hearing via video or telephone conferencing with the Clerk of the Court using the CM/ECF system, which will send notification of such filings to Nicholas Scott, Esq.

	/s/ Jonathan M. Goodman_____
	Jonathan M. Goodman
	Attorney for Defendant Damon Fagan