UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) <br> ) <br> ) |
| v. | )    CRIMINAL NO. 2:19-CR-123-DBH <br> ) |
| DAMON FAGAN, | ) <br> ) <br> ) |
| DEFENDANT | ) |

## ORDER ON DEFENDANT'S SECOND RENEWED MOTION FOR EXPEDITED AND COMBINED PLEA AND SENTENCING HEARING VIA VIDEOCONFERENCING

This is a case where the Indictment charges that the defendant Damon Fagan possessed heroin with the intent to distribute it. (ECF No. 24). Following my adverse bench ruling on his motion to suppress evidence derived from a traffic stop (ECF No. 75), Fagan and the government agreed to a conditional guilty plea under Rule 11(a)(2), preserving Fagan's ability to appeal my suppression ruling if I should accept the plea. Dec. & Order on Def.'s Renewed Mot. (ECF No. 100), No. 2:19-cr-123-DBH, 2020 WL 2850225, at *1 (D. Me. June 2, 2020). The conditional plea was set for March 30, 2020. (ECF No. 81). But the COVID-19 pandemic intervened, preventing the court from conducting in-person hearings. Fagan then moved for a change of plea and sentencing by videoconference. He was assiduous in seeking expedited treatment, filing his first motion for a guilty plea hearing without his physical presence even before the Coronavirus Aid, Relief, and Economic Security (CARES) Act permitted

videoconferencing for felony guilty pleas that satisfy its criteria. Mot. for Expedited Hr'g (ECF No. 84) (filed March 25, 2020); see CARES Act, Pub. L. No. 116-136, § 15002, 134 Stat. 281, 527-30 (2020) (enacted March 27, 2020). At Fagan's written request, I approved the pre-plea preparation of a presentence report under Rule 32(e) (ECF No. 93). According to the presentence report, Fagan has a high criminal history, Category V, and his Guideline range is 30-37 months, although Fagan has told me that it may be increased to 33-41 months based upon further criminal history information coming to the Probation Officer's attention that would elevate his Criminal History to Category VI. Def.'s Renewed Mot. for Expedited & Combined Plea & Sentencing Hr'g at 3 n.1 (ECF No. 97).

Once the CARES Act became effective, I denied Fagan's motion for plea and sentencing by videoconference, stating:

> Federal Criminal Rule 43 requires that a defendant be present in person to plead guilty to a felony and be sentenced. Fed. R. Crim. P. 43(a) ("the defendant must be present"); United States v. Bethea, 888 F.3d 864, 866-67 (7th Cir. 2018) (the in-person requirement is not waivable). During the COVID-19 pandemic, however, Congress has authorized federal judges to take a felony guilty plea and sentence by video or teleconference if the defendant consents after consulting counsel, and if "the district judge in a particular case finds for specific reasons that the plea or sentencing in that case cannot be further delayed without serious harm to the interests of justice."[1] To date, judges in this District have used that emergency authority to take felony guilty pleas and sentence defendants by telephone or videoconference when the parties have recommended "time served" sentences.

---

[1] Coronavirus Aid, Relief, and Economic Security (CARES) Act, Pub. L. No. 116-136, §§ 15002(b)(2)(A), (b)(4), 134 Stat. 281, 528-29 (2020).

2020 WL 2850225 at *1.

Because Fagan faced a guideline sentence of about 3 years (the government announced it intended to pursue a guideline sentence) and because until then he had been serving a state sentence (not federal time), I denied his motion; I did not find that it fit the pertinent CARES Act standard—"a particular case" where there were "specific reasons that the plea or sentencing in that case cannot be further delayed without serious harm to the interests of justice."

But I also said:

> In light of the ever-evolving nature of the pandemic and responses to it . . . the denial of the motion is without prejudice should the delay of in-person hearings be substantially extended such that this becomes "a particular case" where there are "specific reasons" that further delay would cause "serious harm to the interests of justice."

Id. at *5. Now Fagan has renewed his motion for a conditional plea and sentencing, and the government does not object (ECF No. 103).

I continue to harbor the same concerns I expressed when I denied his earlier motion on June 2, 2020—that the absence of physical presence may have an intangible effect on the proceeding's outcome and that Fagan may later regret his decision to waive an in-person hearing. See 2020 WL 2850225 at *2. But circumstances have changed since my June 2 ruling. The pandemic drags on, and the Court has been unable to announce when it can resume in-person hearings. Fagan is now in federal custody and has been since the end of May or early June. Thus, he is serving time that, if he successfully appeals my ruling on his motion to suppress, he should not have to serve. He is confined in a local jail because the Bureau of Prisons will not move him to a federal facility until he

3

is sentenced; as a result, he cannot take advantage of any BOP programs. Def.'s Second Renewed Mot. for Expedited & Combined Plea & Sentencing Hr'g at 3-4 (ECF No. 103). Although the government continues to seek a guideline sentence, Fagan says he has arguments for a time-served sentence. Id. at 2-4. He should not assume that I will sentence him to time served; I will not decide the appropriate sentence until the sentencing hearing. But even if I sentence him to substantially more than time served and even if he loses his appeal, he should know the length of the sentence against which he is currently accruing time. So, while some concerns remain, other countervailing factors have increased.

For those specific reasons, I find that sentencing cannot be further delayed in this case without serious harm to the interests of justice. Counsel shall notify the Court by August 31 whether a presentence conference is necessary or whether the Guideline calculations with the revised Criminal History are stipulated. The Clerk's Office shall then schedule the matter for conditional plea and sentencing by videoconference. At the hearing, I will question the defendant to determine whether he is consenting to this procedure voluntarily and intelligently after consulting counsel, as the CARES Act requires.

SO ORDERED.

DATED THIS 24TH DAY OF AUGUST, 2020

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

4