UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>  )<br>v. )<br>  )<br>DAMON FAGAN )  | Criminal No. 2:19-cr-00123-DBH |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO REOPEN THE SUPPRESSION HEARING**

The United States of America, by and through its attorneys, Halsey B. Frank, United States Attorney for the District of Maine, and Nicholas Scott, Assistant United States Attorney, respectfully objects to Defendant's Motion for Discovery (ECF No. 123). The defendant has been charged by indictment with one count of possession with intent to distribute heroin in violation of 21 U.S.C. § 841(a)(1) (ECF No. 24). For the following reasons, the government respectfully requests that the defendant's Motion to Reopen the Suppression Hearing (ECF No. 118) be granted in part, for the limited purposes described herein, and denied in part. The government further contends that following a reopened suppression hearing, the defendant's motion to reconsider should be denied for the reasons outlined in the Court's Order on Defendant's Motion to Suppress. *See Transcript of Proceedings*, February, 6, 2020, ECF No. 71.

**PROCEDURAL HISTORY**

The relevant procedural history in this case is outlined in the Government's Response In Opposition to Defendant's Motion For Discovery. (ECF No. 125). Defendant filed the instant Motion to Reopen Suppression Hearing (ECF No. 118) seeking to reopen the suppression hearing held on defendant's Motion to Suppress. (ECF No. 46). Defendant contends that he has received new evidence, in the form of video of Trooper Darcy's stop of the defendant in the case

1

of *USA v. Terrell Walker* 19-220-JDL.[1] Defendant thus moves to reopen the suppression hearing, (1) to admit the new evidence which he contends should be considered with respect to Trooper Darcy's credibility as a witness, and (2) to pursue his contention that he was subject to selective enforcement in violation of the equal protection clause.  The government consents to a limited reopening of the suppression hearing, to permit defendant to question Trooper Darcy regarding his statements made in the above-referenced video from *United States v. Terrell Walker*, and for the purpose of determining whether the statements have any bearing on Trooper Darcy's credibility as it relates to the issues raised in the suppression hearing. The Court should deny defendant's motion to reopen the suppression hearing with respect to defendant's claims of selective enforcement because suppression of evidence is not a recognized remedy for equal protection violations.  Further even if suppression was a recognized remedy for such a claim, defendant has not shown any credible evidence that he was subjected to selective enforcement, and is not entitled to a hearing.

## ARGUMENT

### SUPPRESSION OF EVIDENCE IS NOT A RECOGNIZED REMEDY FOR VIOLATIONS OF THE EQUAL PROTECTION CLAUSE.

The United States Constitution prohibits selective enforcement of the laws, but the proper basis for raising claims of selective enforcement is the Equal Protection Clause, not the Fourth Amendment. *Whren v. United States*, 571 U.S. 806, 813 (1996). The Supreme Court has never held that dismissal, or some other sanction is a proper remedy if the Court determines that the defendant has been the victim of a race-based prosecution. *United States v. Armstrong*, 517 U.S. 456, 461 n.2 (1996). It has noted, however, that a selective-prosecution claim is not a *defense* on

---

[1] The video is described in further detail in the Government's Response to Defendant's Motion for Discovery, ECF. No. 125.

the merits of a criminal charge, but rather an independent assertion that the prosecutor has acted in violation of the Constitution. *Id.* at 463. However, the exclusionary rule is not a Constitutional right of the one claiming it; rather, it is a judicially created remedy to "safeguard Fourth Amendment rights generally" through its deterrent effect. *United States v. Calandra*, 414 U.S. 338, 348 (1974).

Even in the Fourth Amendment context, however, the Supreme Court has been de-emphasizing the exclusionary rule as a remedy. *See, i.e. United States v. Hudson*, 547 U.S. 586, 591 (2006) (holding the exclusionary rule inapplicable for violations of the knock-and-announce rule and noting that "[s]uppression of evidence has always been our last resort, not our first impulse. The exclusionary rule has 'substantial social costs,' which sometimes involve setting the guilty free and the dangerous at large."); *United States v. Leon*, 468 U.S. 897, 906 (1984) (holding that whether the exclusionary rule is appropriate for a given case is separate and apart from the question of whether a Fourth Amendment Right was violated).

The first Circuit has noted that other circuits have held that an Equal Protection violation does not require suppression, but indicated that it has not yet opined on the issue. *See* United States v. Starks, 769 F.3d 83, 90 n.6. (1st Cir. 2014), *citing United States v. Nichols*, 512 F.3d 789, 794 (6th Cir. 2008) (*overruled on other grounds*). No circuit court has held that the exclusionary rule applies to violations of the Equal Protection Clause, while several have held explicitly to the contrary and/or denied a motion to suppress without deciding the issue. In *Nichols*, the Sixth Circuit expounded, "[w]e are aware of no court that has ever applied the exclusionary rule for a violation of the Fourteenth Amendment's Equal Protection Clause, and we decline Nichols's invitation to do so here. Rather we believe the proper remedy for any alleged violation is a 42 U.S.C. ' 1983 action against the offending officers." *United States v.*

*Nichols*, 512 F.3d 789, 794 (6th Cir. 2008). *See also United States v. Williams*, 431 F.3d 296, 299 (8th Cir. 2005) (denying motion to suppress because uncertain that dismissal is an appropriate remedy); *United States v. Chavez*, 281 F.3d 479, 486 - 87 (5th Cir. 2002) ("neither the Supreme Court nor our Court has ruled that there is a suppression remedy for violations of the Equal Protection Clause, and we do not find it necessary to reach that issue here."); *cf. United States v. Mosley*, 454 F.3d 249, 268 n.24 (3rd Cir. 2006) (dicta indicating that exclusionary rule has an effect on police profiling); *United States v. Benitez*, 613 F. Supp.2d 1099, 1102 n.3 (S.D. Iowa 2009) (notes without deciding that exclusion would seem to be a proper remedy).

Thus, suppression is not a recognized remedy for violations of the Equal Protection Clause, and adding the exclusionary rule as a remedy presents risks such as those outlined by the United States Supreme Court in *Hudson*, 547 U.S. at 591. If defendant's rights had been violated, the proper remedy would be an action under 42 U.S.C. 1983.

Even if suppression were a recognized remedy for equal protection violations, as discussed in the Government's Response in Opposition to Defendant's Motion for Discovery (ECF No. 125), defendant has failed to show any evidence of selective enforcement by Trooper Darcy. As discussed therein, defendant has not made any credible showing of some evidence that a similarly-situated individual of *another* race could have been, but was not stopped or arrested in similar circumstances to the instant case. See *United States v. Armstrong*, 517 U.S. 456 (1996), *United States v. Alcaraz-Arellano,* 441 F.3d 1252 (10th Cir. 2006), *United States v. Barlow*, 310 F.3d 1007 (7th Cir. 2002). Accordingly, the Court should deny the defendant's motion to reopen the suppression hearing in-so-far as defendant seeks to pursue his unsupported claim of selective enforcement.

**CONCLUSION**

The government respectfully requests that the defendant's Motion to Reopen the Suppression Hearing be granted in part, for the limited purposes described above. The government further requests that following a reopened hearing, the defendant's motion to reconsider the Court's Order Denying his motion to suppress be denied.

Dated: November 16, 2020

                                            Halsey B. Frank
                                            United States Attorney

                                            /s/ Nicholas Scott
                                            Nicholas Scott
                                            Assistant United States Attorney
                                            U.S. Attorney's Office
                                            100 Middle Street Plaza, East Tower
                                            Portland, ME  04101
                                            (207) 780-3257
                                            Nicholas.Scott@usdoj.gov

**UNITED STATES DISTRICT COURT
DISTRICT OF MAINE**

## CERTIFICATE OF SERVICE

I hereby certify that on November 16, 2020, I electronically filed the Government's Opposition to the Defendant's Motion to Reopen the Suppression Hearing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the counsel of record.

        Halsey B. Frank
        United States Attorney

        /s/ Nicholas Scott
        Nicholas Scott
        Assistant United States Attorney
        U.S. Attorney's Office
        100 Middle Street Plaza, East Tower
        Portland, ME  04101
        (207) 780-3257
        Nicholas.Scott@usdoj.gov